**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| STARSHA M. SEWELL | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-16-906 |
| FIDELTY NATIONAL FINANCIAL, INC. | * | |
| Defendant | * | |
| | *** | |

**MEMORANDUM OPINION**

Starsha M. Sewell filed the above-captioned case on March 25, 2016, together with a motion to proceed in forma pauperis. ECF No. 2. Because she appears indigent, the motion will be granted. For the reasons stated below, the complaint must be dismissed.

This case marks the third attempt by Plaintiff to litigate her meritless claim against this Defendant in this Court. Plaintiff's first attempt was a removal of the state court case concerning this matter, which was remanded as improperly removed. *See Sewell v. Fidelity National Financial*, No. PWG-15-3077 (D. Md. filed Oct. 9, 2015) ("*Sewell I*"). Sewell's second attempt was a civil claim seeking over a million dollars in damages against Fidelity National Financial ("Fidelity") for an alleged breach of its contractual obligation owed to her under the title insurance policy issued by Fidelity, which she maintains occurred when the title to her property was transferred to a trustee upon foreclosure and the property was subsequently sold. *See Sewell v. Fidelity National Financial*, No. PWG-15-3392 (D. Md. filed Nov. 5, 2015) ("*Sewell II*"). The second case was dismissed as frivolous under 28 U.S.C. § 1915(e) both because the statute of limitations had run on any claim of a contractual breach and because Plaintiff's claim that she

was entitled to payment under a title insurance policy following foreclosure on the property by a lienholder was frivolous. *See id.*, ECF Nos. 4, 5 & 14.

Subsequent to this Court's dismissal of Plaintiff's complaints in both of the aforementioned civil actions, she filed four rounds of motions for reconsideration all of which were denied as without merit. *See Sewell I*, ECF No. 22; *Sewell II,* ECF No. 21.  In ruling on Plaintiff's fourth post-judgment motion, this Court observed that:

> Sewell's history clearly demonstrates she is vexatious, as she has now filed four rounds of motions for reconsideration, all of which have been denied as without merit. There is no good faith basis for her filings. Her motions have been an undue burden to this Court, which has explained the lack of merit in her original claims and in her subsequent motions for reconsideration on numerous occasions. *See* PWG-15-3077, ECF Nos. 4, 11, & 15; PWG-15-3392, ECF Nos. 4, 5, 10, & 14.  No alternative sanctions are adequate as Sewell has continued to file these meritless motions even having been cautioned against doing so and advised that she has the right to appeal my decisions to the Fourth Circuit if dissatisfied by my rulings.
>
> On the filings before me in these two cases, I conclude that Sewell's repeated filing of unmeritorious post-dismissal motions and related requests for relief constitutes vexatious filings before this Court and has demonstrated good cause for the imposition of a pre-filing injunction with respect to these two cases. Accordingly, the Clerk of the Court is ordered not to accept for docketing any future filings in these cases, PWG-15-3077 and PWG-15-3392, unless the proposed filings have been reviewed by the undersigned and approved for docketing. Sewell is advised that her time with which to note an appeal of my rulings in these cases runs from the date of this order and that failure to appeal within the timeframe of set forth in 28 U.S.C. § 2107 may waive her right to appeal.

*Sewell II*, ECF No. 21.  Subsequently, Plaintiff noted an appeal in each case where they remain pending before the Fourth Circuit Court of Appeals.  *See Sewell I*, ECF No. 23; *Sewell II*, ECF No. 22.

In this complaint, Plaintiff again alleges that Fidelity breached its contractual obligation to her as she "has not received any post policy coverage to date" and that employees at Fidelity discriminated against her on the basis of her race and gender.  Compl. 3, ECF No. 1.  Because

Sewell is proceeding *pro se* and *in forma pauperis*, the court is obligated to review the sufficiency of her claims under 28 U.S.C. § 1915(e). *See, e.g.*, *Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989). The only discernible difference in this case is that Plaintiff now claims that Fidelity purchased a "Ponzi scheme" from a convicted felon with the intent to defraud the United States and taxpayers, citing 18 U.S.C. § 1519. *See* Compl. Plaintiff's complaint regarding the asserted breach of contract must be dismissed as this Court does not have jurisdiction to adjudicate that claim as an identical claim is pending before the Fourth Circuit Court of Appeals in *Sewell II*. Even if this appeal were not pending before the Fourth Circuit, Sewell's breach of contract claim under 28 U.S.C. § 1915(e) is subject to dismissal because it is frivolous for the reasons described in Judge Grimm's previous rulings. *See Sewell II*, ECF Nos. 4, 5, 10, 14, 18, & 21. Moreover, in the event Plaintiff is unsuccessful on appeal, she is not permitted to again file what is at its core the very same claim that this Court has already ruled upon.

To the extent Plaintiff seeks to raise a claim based on an alleged violation of a federal criminal statute, her claim also fails. The criminal provision Plaintiff cites provides that:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C.A. § 1519 ("Destruction, alteration, or falsification of records in Federal investigations and bankruptcy"). The assertions raised by Plaintiff with regard to this alleged fraud attempts to implicate several judges of this Court as well as judges of the Fourth Circuit Court of Appeals, state court judges who heard Plaintiff's child custody case, judges in the state of Missouri, staff of the Federal Trade Commission, and others. Compl. 5–9. Much of the Sewell's complaint is

difficult to follow and consists of pure conjecture. In any event, none of the assertions made give any indication that a civil cause of action has accrued on Plaintiff's behalf, particularly given that the criminal fraud charges against an employee of a subsidiary belonging to Defendant occurred between March 2003 through November 2009 and foreclosure on Plaintiff's house occurred in 2011. *See* ECF Nos. 1-1 & 1-2. Thus, to the extent a claim additional to the alleged breach of contract is asserted, it is dismissed for failure to state a claim.

Plaintiff's attempt to revive a claim that is currently pending on appeal raises the concern that she has failed to take seriously this Court's prior forewarning regarding the filing of vexatious, repetitive, and frivolous litigation and this Court's pre-filing injunction. She is again forewarned that repetitive filings of a frivolous nature in the context of this claim will not be tolerated and, in the event this warning goes unheeded, the court may broaden the scope of the pre-filing injunction for any future related claims.

A separate Order follows.

  April 18, 2016                                /s/
Date                                        DEBORAH K. CHASANOW
                                            United States District Judge